UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SCOTT MEYER,

                    Plaintiff,

  v.

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION and COMMISSIONER
ANTHONY ANNUCCI,

                    Defendants.

------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

20-CV-6086 (JMA) (LGD)

**LEE G. DUNST**, Magistrate Judge:

    Presently before the Court is Defendants' Motion to Dismiss the Amended Complaint at Electronic Case File Number ("ECF No.") 23-5, Plaintiff's Opposition to the Motion at ECF No. 23-6[1], and Defendants' Reply at ECF No. 23-7.  On May 3, 2023, District Judge Joan M. Azrack referred the Motion to Dismiss to the undersigned for a Report and Recommendation.  May 3, 2023 Order.  The undersigned respectfully recommends that the motion to dismiss be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    On December 15, 2020, Plaintiff Scott Meyer commenced this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1988.  ECF No. 1.  On January 19, 2022, Plaintiff filed the Amended Complaint, alleging that while he was subject to the supervision of Defendants in connection with his New York State criminal conviction, Defendants failed to provide him with adequate gambling abuse treatment, which constituted deliberate indifference, improper search and seizure, and cruel

---

[1] Plaintiff re-filed his Opposition (ECF No. 23-6) again at ECF No. 24.

and unusual punishment under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.  ECF No. 20 ¶¶ 30, 42.

### A.   Background

According to Plaintiff, before being arrested and charged in the underlying criminal matter, he was an accomplished professional who earned a Certified Public Accountant license, a Securities Bond 66 license, and a Life and Health Insurance license.  ECF No. 20 ¶ 9.  In July 2013, he was arrested and later was charged by a grand jury in Suffolk County, New York on various state criminal charges, including Grand Larceny (non-auto) in the Third Degree, a Class D Felony; Falsifying Business Records in the First Degree, a Class E Felony; Grand Larceny (non-auto) in the Second Degree, a Class C Felony; and Criminal Possession of a Forged Instrument in the Second Degree, a Class D Felony.  *Id*. ¶ 12.  He later pled guilty to these state charges.  *Id*. ¶ 15.

Plaintiff contends that a gambling addiction and other neurological issues likely played a significant role in his criminal conduct.  *Id*. ¶ 14.  Following his arrest, he began gambling abuse treatment with a recovery specialist, a psychologist, a behavioral neurologist, a neurological oncologist, a neurologist, and received help from the Columbia-Presbyterian Psychiatric Centers Problem Gambling Program, Gamblers Anonymous, Stop Predatory Gambling, and the New York State Council for Problem Gambling.  *Id.* ¶ 13.  During the course of his criminal case, Plaintiff also introduced significant evidence of his need for gambling abuse treatment and other neurological issues, including multiple white matter brain tumors that affected his judgment.  *Id*. ¶ 16.  Every medical or substance abuse specialist who treated Plaintiff prescribed Gamblers Anonymous to him.  *Id*. ¶ 16.

On August 11, 2015, Plaintiff was sentenced to 4-1/2 to 13-1/2 years of imprisonment and ordered to pay restitution of $862,270.00. *Id*. ¶ 17. On October 7, 2015, he arrived at the Marcy Correctional Facility (located near Utica, New York) and was under the custody of Defendant New York State Department of Corrections and Community Supervision ("DOCCS"). ECF No. 23-5 at 1. Importantly, in a February 28, 2022 letter to Judge Azrack, Plaintiff stated that "the Plaintiff is not raising any claims related to his confinement at the Marcy Correctional Facility and has not stated any of those conditions in his Amended Complaint." ECF No. 22 at 2.

Plaintiff claims that he did not receive satisfactory gambling abuse treatment while in custody of DOCCS. ECF No. 20 ¶ 18. He alleges that he was not provided information about providers or programs for gambling addiction treatment while at Defendants' facilities. *Id*. ¶ 19. He states that he made continuous requests to staff and employees at Defendants' facilities to implement a Gamblers Anonymous program, but these claims (as well as his numerous grievances) were denied. *Id*. ¶¶ 20-21.

While in custody at the Marcy Correctional Facility, Plaintiff applied for a voluntary work release program. ECF No. 23-5 at 1. On June 20, 2017, he was released from prison by DOCCS and transferred to a work release facility known as a Residential Treatment Facility ("RTF") at Lincoln Correctional Facility ("Lincoln") (located on the Upper West Side of Manhattan in New York City). *Id.*; ECF No. 20 ¶¶ 24-25. Lincoln was closed in 2019, and Plaintiff was transferred to another RTF at Queensboro Correctional Facility (located in Long Island City in Queens, New York), where he remained until his release on parole on February 5, 2020. ECF No. 23-5 at 1. Subsequently, his parole supervision ended on February 5, 2021. *Id.*

As a condition of his release to the RTFs, Plaintiff was required by the facility to create a rehabilitation plan.  ECF No. 20 ¶ 25.  He obtained employment and created a rehabilitation plan, which included attending Gamblers Anonymous.  *Id.*  His rehabilitation plan required approval by the RTF staff.  *Id.*  Plaintiff requested Gamblers Anonymous treatment from Defendants (either in person or by videoconference), but his requests were denied.  *Id*. ¶¶ 26-27.  Plaintiff claims that drug, alcohol, and other addiction treatment programs, similar to those requested by Plaintiff, were approved by and provided at the RTF locations.  *Id.*  ¶¶ 24-26.  Additionally, Plaintiff states he was forced to pay at least $20 a week since August 2018 for his gambling addiction treatment at an off-site facility.  *Id*. ¶ 30.  Defendants also note that while at the RTFs, Plaintiff was approved for programs including "weekly meetings at the Center for Excellence/Therapy Intake Appointment/Problem Gambling."  ECF No. 23-5 (citing ECF No. 23-2, Exhibit C[2]).

In light of these aforementioned facts, Plaintiff alleges that Defendants wrongfully denied him legitimate medical treatment for his gambling addiction and that he suffered mental and financial injuries from this lack of care.  ECF No. 20 ¶ 35.

**B.     Procedural History**

On December 15, 2020, Plaintiff initiated the instant action against DOCCS, Anthony Annucci (DOCCS Commissioner), and John Doe Prison Guards #1-15.  ECF No. 1.  The Complaint alleged deliberate indifference to medical care and treatment by all Defendants;

---

[2] The Court takes judicial notice of the records filed under seal at Exhibits C and D to ECF No. 23.  A court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70–71 (2d Cir. 1998).

failure to intervene by Defendant Annucci and the John Doe Defendants; and a claim against DOCCS under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Id.* The Complaint focused on the alleged failure to provide adequate gambling addiction treatment to Plaintiff. *Id.*

On January 19, 2022, Plaintiff filed the Amended Complaint which dropped several parties and narrowed the claims in the case.[3] ECF No. 20. The Amended Complaint now brings claims only against DOCCS and Commissioner Annucci. *Id.* ¶¶ 6-7. Plaintiff now asserts only one claim for deliberate indifference against both Defendants, seeking monetary damages and injunctive relief. *Id.* ¶¶ 41-47.

On January 27, 2022, Defendants filed a letter for a pre-motion conference seeking dismissal of the Amended Complaint, arguing: (1) all claims arising prior to December 15, 2017 are barred by the statute of limitations; (2) all claims are barred by the Eleventh Amendment; (3) any discretionary decisions by Defendants are shielded by the doctrine of qualified immunity; (4) the allegations do not constitute a violation of the Eighth Amendment of the Constitution; and (5) injunctive relief is not available against a state agency. ECF No. 21.

Plaintiff responded to Defendants' letter on February 28, 2022, and clarified his claims in the Amended Complaint and explained that, while at the RTFs, he had to pay an extra cost of $20 per week, as he was only allowed to receive gambling recovery services outside the RTFs. ECF No. 22 at 1. Notably, Plaintiff also explained that he "is not raising any claims related to his confinement at the Marcy Correctional Facility." *Id.* at 2. Plaintiff additionally addressed each of Defendants' arguments, including the Eighth Amendment issue, explaining "[t]he

---

[3] This docket was consolidated with case 21-CV-2124 (JMA) (SIL) on October 28, 2021. Oct. 28, 2021 Order. On June 7, 2022, the case was reassigned to the undersigned. June 7, 2022 Order.

Plaintiff was clearly prescribed Gamblers Anonymous healthcare treatment due to his addictive actions leading to his arrest, prosecution, and conviction, and this was done to protect both his current and future healthcare, which the Defendants knew and/or reasonably should have known when denying his requests for treatment." *Id.* at 3.  The parties then proceeded to brief the instant motion as directed by Judge Azrack.  June 16, 2022 Order.

In their motion to dismiss the Amended Complaint, Defendants argue: (1) the allegations do not state a *prima facia* violation of the Eighth Amendment of the United States Constitution; (2) the allegations do not state a *prima facia* violation of the Fourth or Fourteenth Amendments of the United States Constitution; (3) the monetary claims against DOCCS and Defendant Annucci in his official capacity are barred by the Eleventh Amendment of the United States Constitution; (4) the monetary claims against Defendant Annucci sued in his official capacity are barred by qualified immunity; and (5) Plaintiff is not entitled to injunctive relief.  ECF No. 23-5.

In response, Plaintiff argues: (1) Defendants were deliberately indifferent to Plaintiff's medical needs by denying his requested treatment and placing a substantial barrier to treatment; (2) Plaintiff's Fourteenth Amendment rights were violated, based on unequal treatment; (3) conceding Defendant Annucci cannot be sued in his official capacity; (4) monetary claims against Defendant Annucci in his individual capacity are not barred, as he knew or should have known his actions violated a clearly established right; and (5) injunctive relief may no longer be necessary as he is no longer within the custody of Defendants.  ECF No. 23-6.
Defendants later replied in further support of the motion.  ECF No. 23-7.  On May 3, 2023, Judge Azrack referred the motion to the undersigned for a Report and Recommendation.  May 3, 2023 Order.

## II.     LEGAL STANDARD

### A.     Fed. R. Civ. P. 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff's claim must be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Court must assume all well-pleaded facts are true, consider them in the light most favorable to Plaintiff, and "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B.     42 U.S.C. § 1983

Plaintiff brings this case pursuant to § 1983, which provides: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . . " 42 U.S.C. § 1983.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To bring a claim under this statute, Plaintiff must show that Defendants were acting "under color of state law" and that the conduct "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *Martinez v. Browne*, No. 20-CV-111 (AMD) (ST), 2023 WL 2667075, at *5 (E.D.N.Y. Mar. 28, 2023) (same).

### C.  Eighth Amendment

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "The Supreme Court has long recognized that prison officials violate the Eighth Amendment if they are deliberately indifferent to a substantial risk of serious harm to a sentenced prisoner." *Pagan v. Rodriguez*, No. 20-CV-0251, 2020 WL 3975487, at *4 (D. Conn. July 12, 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) and *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)); *Braithwaite v. Suffolk Cnty. New York*, No. 22-CV-3750 (JS) (AYS), 2022 WL 16837341, at *7 (E.D.N.Y. Nov. 9, 2022) (same).

As Courts have recently held:

> [To] establish an Eighth Amendment claim of deliberate indifference to safety, a prisoner must show that: (1) he was subject to conditions of confinement that posed an objectively serious risk of harm, as distinct from what a reasonable person would understand to be a minor risk of harm; and (2) a defendant prison official acted not merely carelessly or negligently but with a subjectively reckless state of mind akin to criminal recklessness (i.e., reflecting actual awareness of a substantial risk that serious harm to the prisoner would result).

*Porter v. Fam. Serv. League,* No. 21-CV-5120 (JS) (ARL), 2021 WL 5324888, at *3 (E.D.N.Y. Nov. 16, 2021) (citing *Pagan*, 2020 WL 3975487, at *4) (quotations omitted); *see Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (explaining that an Eighth Amendment deliberate indifference claim requires Plaintiff to satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the defendants acted with at least deliberate indifference to the challenged conditions).

### D.  Fourth and Fourteenth Amendments

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be

violated . . . " U.S. Const. amend. IV. "The government seizes property when it 'meaningful[ly] interfere[s] with an individual's possessory interests in that property.'" *Torres v. City of New York through New York City Dep't*, 590 F. Supp. 3d 610, 626 (S.D.N.Y. 2022) (citing *United States v. Iverson*, 897 F.3d 450, 458 (2d Cir. 2018)). "The permissibility of any governmental seizure is thus 'judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests.'" *Id.* (quoting *Delaware v. Prouse*, 440 U.S. 648, 654 (1979)).

Additionally, Plaintiff asserts claims under the Equal Protection Clause of the Fourteenth Amendment. The Fourteenth Amendment directs that the government may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, Sec. 1. "The Equal Protection Clause of the Fourteenth Amendment is 'essentially a direction that all persons similarly situated should be treated alike.'" *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)); *Flores v. City of New York*, No. 19-CV-5763 (KAM) (RLM), 2021 WL 663977, at *5 (E.D.N.Y. Feb. 19, 2021) (same).

### E. Individual Liability And Qualified Immunity

To bring a Section 1983 claim against an individual, a plaintiff must show personal involvement by defendants in the constitutional violation. *See Ashcroft*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotations omitted); *Wilson v.*

9

*Suffolk Cnty. Dist. Att'y*, No. 21-CV-4815 (EK) (ST), 2023 WL 3473862, at *4 (E.D.N.Y. May 15, 2023) (granting a 12(b)(6) motion where personal involvement of Defendants was not sufficiently pled); *see also Amaker v. Lieberman*, No. 13-CV-5292 (NSR), 2023 WL 2751642, at *6 (S.D.N.Y. Mar. 31, 2023) (explaining several categories that may constitute personal involvement by a supervisor to possibly constitute personal involvement for a Section 1983 claim against an individual).

As both parties recognize, the Supreme Court has held that "[t]he doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009), and *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012).

### F.     Injunctive Relief

In order to obtain a preliminary injunction, a party must "demonstrate[ ] (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Weaver v. Schiavo*, 750 F. App'x 59, 60 (2d Cir. 2019) (quoting *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005)). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139–40 (2d Cir. 2007) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)) (alteration in original);

10

*Haller v. U.S. Dep't of Health & Hum. Servs.*, 621 F. Supp. 3d 343, 351 (E.D.N.Y. 2022) (same; applying the test for a preliminary injunction and denying the motion).

## III. DISCUSSION

Here, the Court finds (1) Plaintiff has not adequately pled facts to support his Eighth Amendment claim; (2) Plaintiff has not adequately pled facts to demonstrate a Fourth or Fourteenth Amendment violation; (3) monetary claims against DOCCS and Defendant Annucci in his official capacity are barred by the Eleventh Amendment; (4) the monetary claims against Defendant Annucci in his official capacity are barred by Qualified Immunity; and (5) Plaintiff is not entitled to injunctive relief.

### A. Plaintiff Has Not Adequately Pled Facts To Demonstrate An Eighth Amendment Violation

At its core, Plaintiff alleges that:

> [Defendants] violated his constitutional rights due to their "deliberate indifference" in failing to provide him with and/or allow him to attend within their facility, Gamblers Anonymous rehabilitative programs. The Defendants instead created a barrier to Plaintiff receiving medical addiction recovery services, by requiring him [to] pay $20 a week to receive gambling addiction treatment while he was residing at Lincoln and Queensboro.

ECF No. 23-6 at 3.

The Court does not find this to constitute a constitutional violation, and these allegations fall far short of the deliberate indifference that would be required to show an Eighth Amendment violation. At issue here is primarily a disagreement over the type of rehabilitative services provided to Plaintiff, which courts have routinely held does not constitute deliberate indifference. *See, e.g., Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

Defendants note that Plaintiff was provided the benefit of a one-on-one weekly session with a counselor who specialized in gambling addiction. ECF No. 23-5 at 4; ECF No. 26-2. Plaintiff does not dispute this fact and instead argues that he requested medical care, had substantial burdens (having to seek treatment outside of the RTFs and paying a $20 weekly fee), and that the facilities offered identical treatment for other addictions. In doing so, Plaintiff argues, "Defendants knew a substantial risk existed [that] Plaintiff would be physical and financially harmed by not receiving this medical treatment and their actions would create a significant burden." ECF No. 23-6 at 6.

Various courts have held, however, that prisoners do not have a constitutional right to attend rehabilitative programs. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (prisoners have no due process protection with respect to their eligibility to participate in specific rehabilitation programs); *United States v. Denis*, No. 15 CR. 632 (JGK), 2022 WL 4088058, at *2 (S.D.N.Y. Sept. 6, 2022) (explaining that prisoners do not have a constitutional right to rehabilitation treatment); *Blount v. Badami*, No. 21-cv-2700, 2021 WL 2226631, at *3 (S.D.N.Y. June 1, 2021) ("As a general matter, prisoners have no constitutional right to participate in drug treatment or other rehabilitative programs that might shorten their sentences or otherwise expedite their release.") (collecting cases); *Graham v. Fortier*, 10-CV-332-JL, 2015 WL 7077343, *9 (D.N.H. 2015) (Eighth Amendment does not require that inmates be provided access to Alcoholics Anonymous programming); *Hoban v. California Department of Corrections*, 1:09-CV-1752 MJS (PC), 2010 WL 5136026, *2 (E.D. Cal. 2010) (prison inmates do not have a constitutional right to participate in Alcoholics Anonymous or Narcotics Anonymous rehabilitative programs); *see also Fiallo v. de Batista*, 666 F.2d 729, 730–31 (1st Cir.

12

1981) (claim of right to participate in drug treatment programs rejected, there being no authority for the proposition that a prison inmate has a federal constitutional right to rehabilitation); *Morales Montáñez v. Puerto Rico*, 08-CV-1945 (FAB) (JA), 2009 WL 1617929, at *5 (D.P.R. 2009) ("there is no federal constitutional right to rehabilitative training or treatment and as a result there is no violation of [Plaintiff's] civil rights based upon such a constitutional right").

Importantly, Plaintiff was ultimately able to access the treatment he needed, despite paying a modest fee. The Court does not find having to pay $20 per session off-site to be a significant burden or barrier to treatment; Plaintiff has not cited to any cases in support of this proposition.

In addition, the Court does not find any evidence to claim Defendants acted with the requisite *mens rea* of deliberate indifference. *Smith v. Suprina*, No. 22-CV-00017 (GRB) (JMW), 2022 WL 1720398, at *4 (E.D.N.Y. May 27, 2022) (dismissing the deliberate indifference claim, as Plaintiff's allegations "fall far short of objective recklessness"). Therefore, Plaintiff's Eighth Amendment claim should be dismissed.

## B. Plaintiff Has Not Adequately Pled Facts To Demonstrate A Fourth Or Fourteenth Amendment Violation

With respect to his Fourteenth Amendment claim, Plaintiff argues that he was denied equal protection as other inmates, because his rehabilitation program was not offered on-site while certain other programs were offered to other inmates. ECF No. 23-6 at 6. However, as noted previously, access to rehabilitation programs is not a constitutional right and the offering of some rehabilitation treatment services on-site (but not gambling) does not constitute a constitutional violation under the Fourteenth Amendment. *See, e.g., McLamore v. State*, 257 S.C. 413, 424 (1972) (finding that inmate

13

was not denied constitutional rights under the Due Process or Equal Protection clauses of the New York State and United States Constitutions where certain educational and rehabilitative services available to some inmates at the prison were not available to him); *Collins v. Ward*, 544 F. Supp. 408, 414 (S.D.N.Y. 1982) (finding that training and rehabilitation programs are not accorded as of right and, therefore, not protected by the Due Process clause of the Fourteenth Amendment).

Additionally, Plaintiff's brief fails to articulate any argument in support of his Fourth Amendment claims, and the Court does not construe the Amended Complaint to plead any cognizable Fourth Amendment claim, nor any clear search or seizure that could be properly analyzed by the Court.

### C. The Monetary Claims Against DOCCS And Defendant Annucci In His Official Capacity Are Barred By The Eleventh Amendment

Plaintiff concedes that Defendant Annucci cannot be sued in his official capacity and agrees with Defendants that sovereign immunity protects him. ECF No. 23-6 at 7.

### D. The Monetary Claims Against Defendant Annucci Sued In His Official Capacity Are Barred By Qualified Immunity

Plaintiff's claims against Defendant Annucci also should be dismissed, as his actions are not sufficiently tied to the conduct at issue and the claims are barred by qualified immunity.

Plaintiff has not alleged sufficient conduct by Defendant Annucci to show the required tangible connection between the claimed constitutional violation and this particular Defendant. *See, e.g., Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986) ("A plaintiff must thus allege a tangible connection between the acts of a defendant and the injuries suffered."); *Jakupaj v. People of USA*, No. 21-CV-4136 (LDH) (SJB), 2022 WL

580957, at *3 (E.D.N.Y. Feb. 25, 2022) (dismissing Section 1983 claims against a supervisor where plaintiff failed to sufficiently allege the government official's actions violated the Constitution); *Atkinson v. Okocha*, No. 20-CV-4497(JS) (ST), 2021 WL 1550493, at *4 (E.D.N.Y. Apr. 19, 2021), *appeal dismissed*, No. 21-1244, 2021 WL 7709525 (2d Cir. Dec. 9, 2021), *cert. denied sub nom. Atkinson v. New York*, 213 L. Ed. 2d 1000, 142 S. Ct. 2756 (2022), *reh'g denied*, 213 L. Ed. 2d 1147, 143 S. Ct. 64 (2022) (same). Plaintiff alleges that Defendant Annucci was grossly negligent in the supervision of subordinates and "should have known his actions were violating a clearly established right," including through the policies and customs he created. ECF No. 23-6 at 9-10. However, as stated above, there is no such established right to the specific gambling addiction treatment sought by Plaintiff. Further, both parties appear to agree, as does the case-law noted above, that "[t]here exists no clearly established constitutional right, either in a statute, regulation, case law, ordinance, or practice of an incarcerated individual to a rehabilitative program of an inmate's choosing while incarcerated." ECF No. 23-5 at 7-8; ECF No. 23-6 at 8. Therefore, these claims are barred by qualified immunity. *See Mullenix*, 577 U.S. at 11 (quoting *Pearson*, 555 U.S. at 231, and *Harlow*, 451 U.S. at 818).

      **E.**     **Plaintiff Is Not Entitled To Injunctive Relief**

Plaintiff concedes that his previous request for injunctive relief is moot, stating, "Plaintiff Meyer agrees, if he is no longer within the custody, control, and/or possession of the Defendants and/or their agents, injunctive relief would no longer be applicable." ECF No. 23-6 at 10. Given that there is no evidence on the current record that Plaintiff

15

currently is within Defendants' control, the undersigned recommends denying his claim for injunctive relief.[4]

## IV. CONCLUSION

For the above reasons, the undersigned recommends that Judge Azrack grant Defendants' motion to dismiss all of Plaintiff's claims with prejudice.

## V. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Azrack. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

Dated: Central Islip, New York
   June 9, 2023

SO ORDERED:

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge

---

[4] Given that the Court recommends granting the motion to dismiss on the aforementioned grounds, the Court need not address the remaining arguments by Defendants in support of their motion to dismiss. *See, e.g., Brady v. Top Ships Inc.*, No. 17-CV-4987, 2019 WL 3553999, at *17 (E.D.N.Y. Aug. 5, 2019), *aff'd sub nom. Onel v. Top Ships, Inc.*, 806 F. App'x 64 (2d Cir. 2020).